UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASWINDER SINGH, | No.  1:26-cv-00127 DC SCR |
| Petitioner, | |
| v. | ORDER |
| CHRISTOPHER CHESTNUT, et al., | |
| Respondents. | |

Petitioner, an immigration detainee who is representing himself, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 together with a motion to proceed in forma pauperis.  Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit.  Accordingly, the application to proceed in forma pauperis is granted.  See 28 U.S.C. § 1915(a).

Petitioner has also requested the appointment of counsel.  ECF No. 3.  There currently exists no absolute right to appointment of counsel in habeas proceedings.  See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996).  However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require."  See Rule 8(c), Fed. R. Governing § 2254 Cases.  At this early stage of the case, the undersigned does not find that the interests of justice would be served by the appointment of counsel.  Therefore, petitioner's motion for counsel is denied without prejudice to renewal.

1

The undersigned has conducted a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254.[1]  Because petitioner may be entitled to the requested relief if the claimed violation of constitutional rights is proved, respondent will be directed to show cause why the writ should not be granted by filing an answer/return within 14 days from the date of this order.  See 28 U.S.C. § 2243.  Petitioner may file a reply/traverse to the answer/return within 7 days after being served a copy of it.

In accordance with the above, IT IS HEREBY ORDERED that:

1.    Petitioner's motion to proceed in forma pauperis (ECF No. 2) is granted.

2.    Petitioner's motion to appoint counsel (ECF No. 3) is denied without prejudice to renewal.

3.    Respondent is directed to file an answer/return within 14 days from the date of this order.  If an answer/return is filed, respondent shall include with the answer/return any and all transcripts or other documents relevant to the determination of the issues presented in the application.

4.    Petitioner's reply/traverse, if any, is due within 7 days after being served a copy of respondent's answer/return.

5.    Absent a further order of the court, the petition will be taken under submission after the filing of the reply/traverse.

6.    The Clerk of the Court shall serve a copy of this order together with a copy of petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on the United States Attorney.

7.    In order to ensure this court's jurisdiction to resolve the pending § 2241 petition, respondent shall not transfer petitioner to another detention center outside of this judicial district, pending further order of the court.  See 28 U.S.C. § 1651(a) (establishing the All Writs Act which empowers the federal courts to "issue all writs necessary or appropriate in aid of their respective

---

[1]  Rule 1(b) of the Rules Governing Habeas Corpus Cases Under Section 2254 allows a district court to apply any or all of the rules to other types of habeas corpus petitions including § 2241 petitions.

jurisdictions…."); see also F.T.C. v. Dean Foods Co., 384 U.S. 597, 604 (1966) (emphasizing that federal courts have the power to "to preserve the court's jurisdiction or maintain the status quo by injunction pending review of an agency's action").

DATED: January 9, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE